**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BETTY JOHNSON, on behalf of herself, and as representative of a class of similarly situated persons,

          Plaintiff - Appellee,

  v.

ELOY S. INOS, Governor of the Commonwealth of the Northern Mariana Islands; ADELINA C. ROBERTO, Fund Trustee and Vice Chairwoman; NACRINA BARINAS, Fund Trustee; RICHARD S. VILLAGOMEZ, Fund Administrator; LARISSA LARSON, Acting Secretary of CNMI Finance Department; CNMI GOVERNMENT; NORTHERN MARIANA ISLANDS RETIREMENT FUND; NORTHERN MARIANA ISLANDS RETIREMENT FUND BOARD OF TRUSTEES; CNMI DEPARTMENT OF FINANCE; CNMI DOES, 1-95 in their official and personal capacities,

          Defendants - Appellees,

  v.

No. 13-17241

D.C. No. 1:09-cv-00023

MEMORANDUM*

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JANET U. MARATITA, Proposed
Intervenor; JESUS I. TAISAGUE,
Proposed Intervenor,

Movants - Appellants.

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Submitted October 15, 2015[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

The parties are familiar with the facts of the case and we do not repeat them here. Proposed intervenors Janet U. Maratita and Jesus I. Taisague appeal the district court's denial of their *Ex Parte* Motion to Lift Stay (Motion to Lift the Stay) for the purpose of pursuing a motion to intervene in a class action brought by Betty Johnson, on behalf of herself and similarly situated persons who were beneficiaries of the Commonwealth of the Northern Mariana Islands (CNMI) Defined Benefit Plan.

1.      Every court possesses inherent power to "control the disposition of the causes on its docket with economy of time and effort," which calls for the "exercise of judgment." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Accordingly, we review the district court's denial of the Motion to Lift the Stay for abuse of discretion. *Valvidivia v. Schwarzenegger*, 599 F.3d 984, 988 (9th Cir. 2010). Under the abuse-of-discretion standard, we cannot reverse the district court order absent a "definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Id.*

2.     The district court did not abuse its discretion in denying the Motion to Lift the Stay. The court reached its decision after considering: (1) the burden of litigation, (2) lack of changed circumstances, (3) gross underfunding of the Retirement Fund, and (4) the risk of placing 4,000 retirees' benefits at further risk. In addition, the court did not err by requiring a showing of "changed circumstances" as a prerequisite for lifting the stay. The district court's order demonstrates that the court considered the totality of the circumstances and properly exercised its discretionary power in refusing to lift the stay.

**AFFIRMED.**